MEMORANDUM **
Victor 0. Dema appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his civil rights and various state laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and we may affirm on any ground supported by the record. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir.2001). We affirm.
We do not consider Dema’s challenge to the dismissal of his federal claims against Mesa arising from the November 2003 incident because Dema did not present any argument to support his contention that the district court erred by dismissing these claims under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir.1994) (“We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.”); Wilcox v. Commissioner of Internal Revenue, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (explaining that arguments not raised on appeal by a pro se litigant are deemed abandoned).
The district court properly dismissed Dema’s state law claims against Mesa arising from the November 2003 incident because the state court determined that Dema failed to comply in a timely fashion with the notice of claim requirement, see Ariz.Rev.Stat, § 12-821.01(A), and Dema is collaterally estopped from relitigating the issue, see Offshore Sportswear, Inc. v. Vuarnet Intern., B.V., 114 F.3d 848, 851 (9th Cir.1997) (“For preclusion purposes, it does not matter that the dismissal was ‘without prejudice’ and not on the merits of the underlying claims; the issue that led to dismissal was adjudicated on its merits and was conclusively determined .... ”); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283-84 (9th Cir.1997) (explaining that state law determines the preclusive effect of state court judgments, and describing collateral estoppel under Arizona law).
The district court properly dismissed Dema’s defamation claim against Banner Desert Health Medical Center because that claim was litigated between the parties in state court and resulted in a final judgment on the merits. See Sunkist Growers, 104 F.3d at 283 (describing res judicata under Arizona law).
Dema’s conclusory allegations of conspiracies to violate his civil rights and defame him are insufficient to support a claim for relief against any defendant. See Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir.1989) (§ 1983 conspiracy); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir.1988) (§ 1985 conspiracy); see also Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund, 201 Ariz. *598 474, 38 P.3d 12, 36 (2002) (elements of civil conspiracy under Arizona law).
The district court did not abuse its discretion by dismissing Dema’s claims against the individual police officers without prejudice because Dema failed to serve the summons and complaint after being granted an extension to do so. See In re Sheehan, 253 F.3d 507, 511 (9th Cir.2001) (reviewing for an abuse of discretion a dismissal for failure to serve timely the summons and complaint).
The district court determined that the federal claims against Mesa arising from the July 2003 incident were time-barred. We agree. Dema did not advance any facts or circumstances that would support his claim of entitlement to equitable tolling under Arizona Revised Statute § 12-504(A).
Dema’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.