**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILAL ABDUL YASIN, | No. 10-15093 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02299-FCD-GGH |
| v. | |
| CHAD COULTER; ALBA ESPINOZA; JOE GALVAN; ROMAN ALVAREZ; and DOES 1 THROUGH 20, INCLUSIVE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted August 11, 2011
San Francisco, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Plaintiff Bilal Abdul Yasin appeals the district court's grant of summary

judgment on his claims against Defendant Chad Coulter, an agent of the Federal

Bureau of Investigation ("FBI"). Plaintiff also appeals the district court's

dismissal—for failure to serve process—of his claims against Defendants Roman

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Alvarez, Alba Espinoza, and Joe Galvan ("ABC Defendants"), all of whom are agents of the California Department of Alcoholic Beverage Control ("ABC"). Reviewing the grant of summary judgment de novo, <u>Alexander Mfg. Emp. Stock Ownership Plan & Trust v. Ill. Union Ins. Co.</u>, 560 F.3d 984, 986 (9th Cir. 2009), and the dismissal for abuse of discretion, <u>Oyama v. Sheehan (In re Sheehan)</u>, 253 F.3d 507, 511 (9th Cir. 2001), we affirm.

A. <u>Plaintiff's Claims Against Defendant Coulter</u>

With regard to his Fifth Amendment due process claim, Plaintiff argues for the first time on appeal that Defendant Coulter withheld material, exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Although the complaint refers to "due process," it makes no mention of Defendant's allegedly withholding exculpatory evidence. Generic references to "due process" do not place a defendant sufficiently on notice of a <u>Brady</u> claim, especially when the facts that <u>were</u> alleged point only to discriminatory treatment. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks, citation, and brackets omitted)). Because Plaintiff failed to raise his due process claim in the district court, we dismiss it as waived. <u>See, e.g.</u>, <u>Costanich v. Dep't of Soc. & Health</u>

2

Servs., 627 F.3d 1101, 1117 (9th Cir. 2010) (holding that the plaintiff waived her claim by failing to raise it below).

Plaintiff's other claims against Defendant Coulter are time-barred. Because Defendant Coulter is a federal agent, Plaintiff brings his constitutional claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The statute of limitations for a Bivens action is defined by the relevant state's personal injury statute. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991). In California, the applicable statute of limitations is two years. Cal. Civ. Proc. Code § 335.1. "'Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153–54 (9th Cir. 2000)). Under federal law, a claim accrues "'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Id. (quoting TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)).

Plaintiff's Fourth Amendment claims are barred by the statute of limitations because they accrued on the date of the searches and the arrest in 2005, all of which occurred more than two years before Plaintiff filed his complaint on September 29, 2008. Plaintiff does not dispute that, on the day of the searches and

3

his arrest, he had reason to know of his purported injuries, even if he had yet to learn of Defendant's allegedly discriminatory motives. See Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). We therefore affirm the district court's grant of summary judgment on those claims.

Also time-barred is Plaintiff's equal protection claim premised on his allegation that Defendant Coulter caused the criminal prosecution by pursuing a discriminatory investigation. In Awabdy v. City of Adelanto, 368 F.3d 1062, 1071–72 (9th Cir. 2004), we held that a plaintiff may prevail on a "direct" equal protection claim against non-prosecutors by proving that "[the defendant] purposefully caused the state to institute proceedings against [the plaintiff] because of his race or ethnicity." Here, Plaintiff knew that Defendant caused the prosecution when it was initiated in 2005, more than two years before he filed his complaint.

In arguing that his claim accrued only when the prosecution was terminated in 2007, Plaintiff mistakenly relies on our decisions governing the accrual of malicious prosecution claims. Unlike a claim for malicious prosecution, an equal protection claim does not require, as an essential element, the termination of the criminal proceedings in the accused's favor. Compare id. (stating the elements of

4

an equal protection claim), with Heck v. Humphrey, 512 U.S. 477, 484 (1994) (addressing the favorable termination element of a malicious prosecution claim). Further, we can discern no principled reason why Plaintiff's claim should have accrued at the termination of the criminal proceedings given that he knew Defendant's investigation caused the prosecution when it was initiated.

Moreover, even if we assume, without deciding, that Plaintiff's equal protection claim did not accrue until he had reason to know of Defendant's allegedly discriminatory purpose, it would still be time-barred. During the criminal proceedings, Plaintiff joined a motion seeking to dismiss the prosecution as discriminatory. Presumably, when joining that motion on January 17, 2006, Plaintiff had a good faith belief that the prosecution was motivated by his race and nationality. Thus, Plaintiff had reason to know of Defendant's allegedly improper motives more than two years before he filed his complaint. We therefore affirm the district court's grant of summary judgment on Plaintiff's equal protection claim.

Plaintiff's conspiracy claim is also time-barred. Although Plaintiff argues that his conspiracy claim did not accrue until he learned, during the limitations period, of the Department of Homeland Security's involvement in the investigation, that information is irrelevant to whether there was a conspiracy

between Defendant Coulter, who is an FBI agent, and the ABC Defendants. Further, Plaintiff knew that both the FBI and the ABC were involved in his investigation and arrest no later than July 11, 2006, when Defendant Espinoza testified in Superior Court regarding the FBI's participation. Thus, Plaintiff's conspiracy claim accrued more than two years before he filed his complaint, and we therefore affirm the grant of summary judgment on that claim.

B.    Plaintiff's Claims Against the ABC Defendants

Reviewing for abuse of discretion, In re Sheehan, 253 F.3d at 511, we affirm the district court's dismissal of Plaintiff's claims against the ABC Defendants. In its order dated September 9, 2009, the district court granted Plaintiff a 90-day extension to serve the ABC Defendants. That order clearly stated that, if Plaintiff failed to effect service within that time, the court would dismiss the action. Plaintiff failed to meet the deadline, and he filed no requests for an additional extension. As a result, the district court properly enforced its order by dismissing Plaintiff's claims.

C.    Plaintiff's Motion for a Continuance

Reviewing for abuse of discretion, Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475–76 (9th Cir. 1986), we hold that the district court properly denied Plaintiff's motion for a continuance pursuant to Federal Rule

6

of Civil Procedure 56(f).[1]  At the time the district court ruled on Plaintiff's motion,

Rule 56(f) provided, in pertinent part:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

"A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

Plaintiff requested the continuance so that he might depose Defendant Coulter to discover why and when the investigation was initiated.  Defendant Coulter's motives, however, are immaterial to whether Plaintiff's claims are time-

---

[1] Rule 56 has been amended since the district court rendered its decision in 2009.  The text of Rule 56(f) was simplified and now appears as Rule 56(d).  See Fed. R. Civ. P. 56, advisory committee's notes (2010 amends.) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

barred.  Also, because the investigation necessarily preceded Plaintiff's arrest in 2005, the precise date of its initiation is likewise immaterial.  See id. (holding that the specific facts to be obtained through discovery must be material).  Accordingly, the district court did not abuse its discretion by denying Plaintiff's request for a continuance.

**AFFIRMED.**