FILED

MAY 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENZO FOSSELMAN, AKA Lorenzo Fosselman, Jr.,

              Plaintiff - Appellant,

  v.

RANDOLPH GIBBS, M.D.; et al.,

              Defendants - Appellees.

No. 11-15682

D.C. No. 4:06-cv-00375-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

    Lorenzo Fosselman, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Fosselman failed to raise a genuine dispute of material fact as to whether defendants Brager, Lee, and Kates were aware of his need for surgery and therefore responsible for its delay.  *See id.* at 1057 (no deliberate indifference unless prison officials know of and disregard an excessive risk to inmate health or safety).

The district court did not abuse its discretion in declining to continue defendants' summary judgment motion because Fosselman failed to explain how the additional information he sought would have been essential to defeat summary judgment.  *See California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) (reviewing for an abuse of discretion and setting forth relevant factors).

The district court did not abuse its discretion in dismissing without prejudice defendants Gibbs and Mattews for failure to effect timely service of process.  *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511-13 (9th Cir. 2001) (discussing good cause and the district court's broad discretion to extend time for service or to dismiss without prejudice).

The district court did not abuse its discretion in denying Fosselman's motions for reconsideration because Fosselman failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth requirements for reconsideration).

Fosselman's remaining contentions are unpersuasive.

**AFFIRMED.**

11-15682