**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMMY RAY TYSON, a.k.a. Muwakkil D.S. Al-Hizbullahi, a.k.a. Timmy Ray Tyson, Sr., | No. 11-16262 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-04903-MMC |
| v. | MEMORANDUM[*] |
| WOODFORD; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Timmy Ray Tyson appeals pro se from the district

court's dismissal order and summary judgment in his 42 U.S.C. § 1983 action

alleging various constitutional violations.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review for an abuse of discretion a dismissal for failure to serve the summons and complaint in a timely manner, *Oyama v. Sheehan* (*In re Sheehan*), 253 F.3d 507, 511 (9th Cir. 2001), and we review de novo summary judgment, *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).  We affirm.

The district court did not abuse its discretion in dismissing without prejudice the claims against all defendants except Woodford for failure to effect timely service of process.  *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed); *In re Sheehan*, 253 F.3d at 512-13 (discussing good cause standard and the district court's broad discretion to extend time for service or dismiss without prejudice).

The district court properly granted summary judgment for Woodford on Tyson's claims concerning his placement in administrative segregation and secured housing, his denial of good time credits, his access to mail and the courts, the restriction of outdoor exercise, and the refusal to recognize his legal name because Tyson failed to raise a genuine dispute of material fact as to whether Woodford directed, participated in, or had knowledge of the alleged constitutional violations. *See Taylor*, 880 F.2d at 1045 ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

The district court did not abuse its discretion in denying Tyson's motions for reconsideration because Tyson failed to show grounds warranting reconsideration.

*See Sch. Dist. No. IJ, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth requirements for reconsideration).

The district court did not abuse its discretion in denying Tyson's motions to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing district court's broad discretion to permit or deny discovery).

The district court did not abuse its discretion in denying Tyson's motions for appointment of counsel because Tyson failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstance" requirement).

Tyson's contentions regarding the denial of his application for in forma pauperis status for service on defendants and the denial of his various motions for default are unpersuasive.

**AFFIRMED.**