NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES LAVEL STRINGER,

Plaintiff - Appellant,

v.

ROBERT WOOLSEY; et al.,

Defendants - Appellees.

No. 11-15604

D.C. No. 2:10-cv-00048-KJD-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted October 10, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Charles Lavel Stringer appeals pro se from the district court's judgment

dismissing his action alleging various federal and state law violations in connection

with his arrest for driving under the influence.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and for an abuse of discretion a dismissal for failure to serve the summons and complaint in a timely manner, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We may affirm on any ground supported by the record. *See Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Stringer's claims under 42 U.S.C. § 1981 because Stringer failed to allege facts sufficient to show that he suffered discrimination on the basis of race or ethnicity. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) ("§ 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity.").

The district court properly dismissed Stringer's claims under 42 U.S.C. § 1985 because Stringer failed to allege facts sufficient to show a conspiracy to interfere with a federal officer's duties, to obstruct judicial proceedings, or to discriminate against him on race or other class-based grounds. *See Bretz v. Kelman*, 773 F.2d 1026, 1027-28 & n.3 (9th Cir. 1985) (en banc) (listing elements of § 1985 claim).

The district court properly dismissed Stringer's § 1983 claims against defendants Printy and Doe because Stringer failed to allege facts sufficient to show that these defendants acted under color of state law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (to state a claim under § 1983, a plaintiff must allege that a person "acting under color of state law" committed the conduct at issue).

The district court properly dismissed Stringer's § 1983 claims against defendants Finn, Tohler, and Chambers because Stringer failed to allege facts sufficient to show these defendants' personal participation or the existence of a custom, policy, or practice caused him injury. *See Brandon v. Holt*, 469 U.S. 464, 471-73 (1985) (a claim against a public official in his or her official capacity is the same as a claim against the governmental entity); *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (a municipality is liable under § 1983 only if the unconstitutional conduct is caused by a municipal policy or custom, or by a failure to train officials properly); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Dismissal of Stringer's mail fraud and wire fraud claims was proper because Stringer failed to allege facts sufficient to show that defendants' conduct

constituted an actionable injury. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (conclusory allegations of law are insufficient to state a claim).

Dismissal of Stringer's state law claims was proper because Stringer's allegations failed to allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court did not abuse its discretion in dismissing without prejudice Stringer's § 1983 claims against defendant Woolsey because Stringer failed to effect proper service of the summons and complaint. *See* Fed. R. Civ. P. 4(e), (m) (describing proper methods for service of process on an individual and requiring service within 120 days after the complaint is filed); Nev. R. Civ. P. 4(d)(6) (setting forth requirements of service on individuals under Nevada state law); *In re Sheehan*, 253 F.3d at 512.

Stringer's contentions concerning the district judge's alleged bias and the district court's decision to set aside the entry of default are unpersuasive.

Stringer's request for appointment of counsel is denied as moot.

**AFFIRMED.**