Opinion by Judge RASHIMA; Dissent by Judge FERGUSON
TASHIMA, Circuit Judge:
I.
Appellant Yoji Oyama filed an adversary proceeding to determine the debt of Michael Sheehan nondischargeable. Sheehan moved to dismiss for failure to serve the complaint on the debtor within the 120-day period provided in Rule 4(m) of the Federal Rules of Civil Procedure.
The bankruptcy court granted Sheehan’s motion to dismiss, finding that there was no good cause under Rule 4(m) to extend the time period and that the excusable neglect provision of Bankruptcy Rule 9006(b) did not apply to a nondischarge-ability proceeding. The Ninth Circuit Bankruptcy Appellate Panel (“BAP”) affirmed, finding that the required motion was not made under Rule 9006(b) and, alternatively, holding that the excusable neglect provision of Rule 9006(b) did not apply under Rule 4(m).
We have jurisdiction under 28 U.S.C. § 158(d), and we reverse. We hold that the bankruptcy court and the BAP erred in refusing to apply the excusable neglect provision of Rule 9006(b) in determining whether to enlarge the time for service.
II.
In 1987, Oyama purchased a 1950 Ferrari from European Auto Sales & Restoration, Inc. (“European Auto”) for $375,000. Sheehan was the president of European Auto. Oyama claimed that the purchase price included restoration of the Ferrari to its original condition. However, Oyama subsequently paid Sheehan an additional $181,000 over the purchase price for the allegedly incomplete restoration.[1]
In 1995, Oyama, attempting to pierce the corporate veil, sued Sheehan for his alleged failure to restore the car as promised. Oyama first filed a complaint in Orange County Superior Court. That case *511 was removed to the United States Bankruptcy Court for the Central District of California, and is proceeding in the separate bankruptcy case of European Auto. In the instant proceeding, Oyama timely filed a nondischargeability complaint under 11 U.S.C. § 523 on November 3,1997.
The original summons was issued on November 4, 1997. Oyama served the summons and complaint on Sheehan’s attorney by mail on November 21, 1997. That service was defective, however, because it failed to comply with the requirement that service by mail must be made within 10 days following the issuance of the summons. See Bankr.R. 7004(e). Oyama then timely served a second summons and complaint on Sheehan’s attorney, but failed to serve the debtor individually, as required by Rule 7004(b)(9), until six days after the expiration of the 120-day period prescribed by Rule 4(m). Sheehan filed a motion to dismiss for improper service under Rule 4(m). In opposition to that motion, Oyama argued that there was good cause for the failure, and that the court was therefore required to extend the time for service.[2]
At the hearing on the motion to dismiss, Oyama urged the bankruptcy court to consider the excusable neglect provision of Rule 9006(b), as articulated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P’ship, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The bankruptcy judge, stating that the excusable neglect provision was not applicable in the context of a nondischargeability proceeding, granted Sheehan’s motion to dismiss. The BAP affirmed, agreeing that there was no good cause to extend, that Oyama did not bring a motion to enlarge, and that Pioneer did not apply to the Rule 4 service requirement. Oyama now appeals the BAP’s decision.
III.
We independently review a bankruptcy court’s rulings on appeal from the BAP. (In re Weisberg), 136 F.3d 655, 657 (9th Cir.1998). Legal conclusions of the BAP are reviewed de novo. McClellan Fed. Credit Union v. Parker (In re Parker), 139 F.3d 668, 670 (9th Cir.1998). Dismissal of a complaint for failure timely to serve summons and complaint is reviewed for abuse of discretion. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994).
IY.
The time for service in an adversary proceeding may be extended under two different rules: Rule 4(m) of the Federal Rules of Civil Procedure,[3] and Bankruptcy Rule 9006(b).[4] Bankruptcy Rule *512 7004(a) incorporates by reference Rule 4(m) into the Bankruptcy Rules.
Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. See Fed.R.Civ.P. 4(m); Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995). First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period. Id.
Rule 9006(b) gives the court discretion to extend any time period stated in the rules upon a showing of excusable neglect. After the time period has expired, however, an extension can be granted only upon motion.
The issue in this case is whether the excusable neglect provision of Rule 9006(b) applies to the time period stated in Rule 4(m), despite the fact that Rule 4(m) contains its own good cause standard. Because established rules of statutory construction require us to read these rules as supplementing, rather than contradicting, each other, we hold that the excusable neglect provision of Rule 9006(b) applies to Rule 4(m).
A. Good Cause Under Rule 4(m)
Oyama argues that the bankruptcy court abused its discretion by failing to find good cause to extend the service period. Oya-ma asserted that his attorney’s busy schedule and seriously ill secretary amounted to good cause. We conclude that the bankruptcy court did not abuse its discretion in holding that no good cause was shown under Rule 4(m).
When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis. Cartage Pac., Inc. v. Waldner (In re Waldner), 183 B.R. 879, 882 (9th Cir.BAP1995). We have recognized that “[a]t a minimum, ‘good cause’ means excusable neglect.” Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir.1991). In Boudette, we stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: “(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.” Id. (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir.1987)).
The record indicates that Oyama failed to show these factors. We therefore affirm the bankruptcy court’s holding that there was no good cause shown to extend the service period.[5]
B. Discretion Under Rule 4(m)
Oyama further argues that the bankruptcy court abused its discretion by fail *513 ing to extend the time period under the discretionary component of Rule 4(m). We hold that the bankruptcy court properly refused to exercise its discretion to extend the service period.
Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice. Petrucelli, 46 F.3d at 1305. Although the rule does not contain the discretionary term “may,” it requires that, absent good cause, the court “shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.” Fed. R.Civ.P. 4(m) (West Supp.2000). We have not addressed what factors a court should consider when deciding to exercise its discretion under Rule 4(m). See Barr v. Barr (In re Barr), 217 B.R. 626, 630 (Bankr.W.D.Wash.1998).
We find it unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m). We note only that, under the terms of the rule, the court’s discretion is broad. Cf. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (adopting a deferential standard for reviewing Rule 11 sanctions based on factual determinations). The facts of this case clearly do not mandate the exercise of discretion to extend the service period under Rule 4(m).
C. Excusable Neglect Under Rule 9006(b)
In addition to Rule 4(m), the time for service may be extended under Bankruptcy Rule 9006(b) upon a showing of excusable neglect. Rule 9006(b) allows a court “on motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect.” Bankr.R. 9006(b)(1) (West Supp.2000). Subdivision (b) expressly excepts the time limits under certain rules from enlargement under this provision, and limits enlargement under other specific rules. Bankr.R. 9006(b)(2) & (3). Rule 4(m)[6] is not one of the provisions expressly excluded or limited by Rule 9006(b). Rule 9006(b) must therefore apply to Rule 4(m).
The Supreme Court articulated the excusable neglect standard of Rule 9006(b) in Pioneer. There, the Court held that, in determining the existence of excusable neglect, a court must examine four factors: “[1] the danger of prejudice to the debtor, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.” Pioneer, 507 U.S. at 395, 113 S.Ct. 1489.
Both the bankruptcy court and the BAP erroneously ruled that the excusable neglect provision of Rule 9006(b) was inapplicable to Rule 4(m). The bankruptcy court distinguished Pioneer from the present case on the basis that Pioneer involved the late filing of a proof of claim, while this case involves a proceeding to determine nondischargeability under 11 U.S.C. § 523. It reasoned that § 523 contains a much shorter limitation period than other types of filings under the Bankruptcy Code; a creditor has only 60 days within which to file a proceeding to determine a debt nondischargeable. The court therefore concluded that the Pioneer test was inapplicable in the unique context of a § 523 proceeding. We disagree. Nothing in Pioneer or § 523 suggests that the excusable neglect provision would not apply in nondischargeability proceedings.
*514 The BAP similarly rejected Oyama’s argument that the Pioneer excusable neglect test is applicable to the failure to make timely service. The BAP relied on Broitman v. Kirkland (In re Kirkland), 86 F.3d 172 (10th Cir.1996), in stating that Pioneer’s balancing test is not applicable when analyzing whether there is good cause for failure to make timely service. The BAP also cited United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc., 764 F.2d 707, 711 (9th Cir.1985), for the proposition that “after the 120-day period has expired, a trial court may grant an extension of time to serve a complaint only when a party has satisfied the good cause requirement of Rule 4(j).... ”
The BAP’s reliance on Kenner and Kirkland is problematic. These cases were decided before amended Rule 4(m) was incorporated by reference into the Bankruptcy Rules. Bankruptcy Rule 7004(g) specified that the provisions of Rule 4 in effect on January 1, 1990, apply, notwithstanding any subsequent amendment to Rule 4. The 1990 version of Rule 4(j) allowed for the extension of the 120-day service period only upon a showing of good cause. Because Rule 9006(b) permitted an extension upon a showing of excusable neglect, while Rule 4 allowed an extension only upon a showing of good cause, the rules created a “seeming incongruity.” Artificial Intelligence Corp. v. Casey (In re Casey), 198 B.R. 918, 921 (Bankr.S.D.Cal.1996). The 1993 amendment of Rule 4(m) was an attempt to cure this incongruity. This amendment added a discretionary component to Rule 4, so that the rule no longer required a showing of good cause to extend the time period. The amendment, however, only cured the conflict between Rules 4 and 6(b) of the Federal Rules of Civil Procedure. Bankruptcy Rule 7004(g) continued to incorporate only the 1990 version of Rule 4. In 1996, Rule 7004(g) was abrogated and the discretionary component of Rule 4(m) was incorporated by reference into the Bankruptcy Rules. Thus, Rules 9006(b) and 4(m) can now be read congruently.
Accordingly, if good cause is shown, a court shall extend the service period under Rule 4. If good cause is not shown, the court has the discretion to extend the time period. In addition, the court may extend the time limit upon a showing of excusable neglect under 9006(b).
Because it is possible to interpret Rule 9006(b) and Rule 4(m) without conflict, while giving meaning to both rules, this is the correct interpretation. Courts must interpret a congressional act, if possible, in a manner that gives each section its due effect without inconsistency or repugnancy. New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U.S. 656, 663, 23 L.Ed. 336 (1875). “A construction that creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the act, and will carry out the intention of Congress.” United States v. Raynor, 302 U.S. 540, 547, 58 S.Ct. 353, 82 L.Ed. 413 (1937).
We thus hold that the excusable neglect standard of Rule 9006(b) applies to the 120-day service period prescribed by Rule 4(m). To the extent that Kenner holds that Rule 9006(b) is inapplicable to Rule 4, it has been superseded by the amendment of Rule 4(m) and its incorporation by reference into the Bankruptcy Rules with the abrogation of Bankruptcy Rule 7004(g).
D. The 9006(b) Motion Requirement
Sheehan argues that Oyama cannot avail himself of Rule 9006(b) because he never brought a separate motion, as required by *515 the rule. We conclude, however, that the motion requirement was narrowly satisfied in this case.
Rule 9006(b)(1) provides that, after the expiration of the time period, the court may excuse the delay only “on motion made.” No written Rule 9006(b) motion was filed in this case. Instead, Oyama’s attorney urged the court to consider the excusable neglect standard during the hearing on Sheehan’s motion to dismiss.
Normally, a bankruptcy court is not required to rule on an oral, non-trial motion. The local bankruptcy rules for the Central District of California provide that “[u]nless otherwise provided by rule or order of the Court, no oral motions will be recognized except during trial.” C.D. Cal. Local Bankr.R. 9013-1 (2000).[7] In the present case, the bankruptcy judge admonished counsel at the hearing that “it is improper to argue anything that’s not in your papers.” The judge, nonetheless, then ruled on the oral motion despite its impropriety, ruling that the Pioneer test was not applicable in the context of a nondischargeability proceeding under § 523. Thus, the court effectively recognized the motion and denied it on the merits.[8]
Furthermore, as Oyama pointed out, all of the arguments for and against a Rule 9006(b) motion to enlarge would be identical to those made for and against Shee-han’s motion to dismiss under Rule 4. This suggests that the concerns of notice and opportunity to respond to the motion were satisfied in this case.[9]
In light of the bankruptcy judge’s ruling that the Pioneer standard did not apply to nondischargeability proceedings, it would have been futile for Oyama to submit a formal motion to enlarge for excusable neglect.
V.
We hold that the bankruptcy court, after recognizing an oral motion to enlarge the time for service, abused its discretion by failing to apply the excusable neglect standard articulated by the Supreme Court in Pioneer in considering that motion.[10]
REVERSED and REMANDED for proceedings consistent with this opinion.

. The Ferrari eventually was completely restored in. Japan. Oyama now regularly enters the automobile in historical events.

. Oyama's attorney claimed that the oversight was due, in part, to his secretary's struggle with breast cancer.

. Rule 4(m) provides:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
Fed.R.Civ.P. 4(m) (West Supp.2000).

.Rule 9006(b) provides:
(1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
(2) The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.
*512 (3) The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.
Bankr.R. 9006(b) (West Supp.2000).

. During oral argument, Sheehan's counsel conceded that Sheehan had actual notice of the complaint and was not prejudiced by the delay in service. Absent this concession, Sheehan could not be presumed to have actual notice merely because the complaint was served on his attorney. See Straub v. AP Green, Inc., 38 F.3d 448, 454 (9th Cir.1994) (finding the fact that defendant’s attorney contacted the court about the status of the case insufficient to establish that defendant had actual notice). Evidence that was not before the lower court will not generally be considered on appeal. See Karmun v. Commissioner, 749 F.2d 567, 570 (9th Cir.1984). We therefore decline to rely on this concession in deciding this appeal.

. Bankruptcy Rule 7004(a) incorporates Rule 4(m) by reference into the Bankruptcy Rules.

. We note that this rule appears to be more restrictive than Bankr.R. 9013. Under Rule 9013, as under Fed.R.Civ.P. 7, oral motions are permitted at a recorded hearing or trial to expedite the proceedings. See Collier on Bankruptcy ¶ 9013.02 (15th ed. rev.2000); Moore's Federal Practice § 7.03[2] (3d ed.2000).

. Because the bankruptcy court reached the merits of Oyama's argument that Pioneer applied to this case, as it was authorized to do under C.D. Cal. Local Bankr.R. 9013-1, despite the lack of a written motion, -we disagree with the dissent’s assertion that the "issue [was] not decided upon by the lower court.” Dissenting Op. at 7763.

. Sheehan conceded at oral argument that Oyama's opposition to his motion to dismiss set forth the same arguments as would be made in a separate motion under Rule 9006(b). Moreover, to the extent that "[c]ounsel for the debtor did not receive fair notice of [Oyama's] excusable neglect argument ... and had no opportunity to defend against” it, as the dissent argues, dissenting op. at 7766, Sheehan will have full opportunity to make any additional arguments on remand.

. The dissent argues that Oyama has not met Pioneer's excusable neglect standard. See dissenting op. at 7763, 7766-68. This, however, is a determination that the bankruptcy court should make in the first instance.