**Michael J. HASON, M.D. Plaintiff—Appellant,**

v.

**MEDICAL BOARD OF THE STATE OF CALIFORNIA; Department of Consumer Affairs, State of California, Defendants—Appellees.**

No. 04–55260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2006.

Decided April 26, 2006.

Michael J. Hason, M.D., Plantation, FL, pro se.

Nancy G. James, DAG, California Attorney General's Office, Los Angeles, CA, for Defendants–Appellees.

Before: THOMAS and MCKEOWN, Circuit Judges, and KING,* District Judge.

## MEMORANDUM**

Michael J. Hason, M.D., appeals the district court's decision granting summary judgment to the Medical Board on his claims brought pursuant to Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

We review de novo a grant of summary judgment. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). "We review de novo the district court's determination that res judicata and collateral estoppel are available." *Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032 (9th Cir.1994) (citations omitted). "If we determine that collateral estoppel is available, we review for abuse of discretion the district court's decision to accord preclusion to the agency's decision." *Id.*

The dismissal of defendants for failure to timely serve the summons or complaint is reviewed for abuse of discretion. *In re Sheehan,* 253 F.3d 507, 511 (9th Cir.2001). Mootness is a question of law reviewed de novo. *S. Or. Barter Fair v. Jackson County,* 372 F.3d 1128, 1133 (9th Cir.2004).

The district court did not err in granting summary judgment to the Medical Board on Hason's ADA and Rehabilitation Act claims because Hason had a full and fair opportunity to litigate those claims during state judicial review of the Medical

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Board's administrative decision, which he voluntarily chose to forego. It is well established that "the availability of judicial review is a crucial factor in determining preclusive effect [of administrative decisions]." *Wehrli v. County of Orange,* 175 F.3d 692, 694 (9th Cir.1999); *Miller,* 39 F.3d at 1032 (plaintiff barred from litigating his 42 U.S.C. § 1983 claims in federal court after declining to seek writ of mandate at California superior court); *see also Misischia v. Pirie,* 60 F.3d 626, 630 (9th Cir.1995) (precluding a § 1983 action because dentist did not seek state court judicial review, although he had the opportunity, of dental board's decision denying him a dental license); *Eilrich v. Remas,* 839 F.2d 630, 632–33 (9th Cir.1988) (giving preclusive effect to state administrative decision where the plaintiff failed to seek judicial review). A plaintiff "cannot obstruct the preclusive use of the state administrative decision simply by foregoing [his] right to appeal [to state court]." *Wehrli,* 175 F.3d at 694 (quoting *Plaine v. McCabe,* 797 F.2d 713, 719 n. 12 (9th Cir. 1986)).

Hason had an adequate opportunity for judicial review of the California Medical Board's decision to deny him a physician and surgeon's license, which he chose to forgo when he withdrew his writ petition from the California Superior Court. The Board's decision is given preclusive effect.

The district court did not abuse its discretion by dismissing the individual defendants for Hason's failure to show good cause for failing to timely serve them. *In re Sheehan,* 253 F.3d at 513.

Finally, Hason has now received a probationary medical license. Thus, Hason has received what he would have been entitled to based on the evidence he presented to the Board. Hason's claim for prospective injunctive relief is moot. *See Porter v. Jones,* 319 F.3d 483, 489 (9th Cir.2003).

AFFIRMED.