**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTINA SANCHEZ,

        Plaintiff - Appellant,

  v.

SUZETTE Z. TORRES; et al.,

        Defendants - Appellees.

No. 09-16651

D.C. No. 5:07-cv-04174-HRL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted June 15, 2011[***]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

    Christina Sanchez appeals pro se from the district court's judgment

dismissing her action for lack of subject matter jurisdiction and for failure to

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal for failure to serve. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing the action as to defendants who had not voluntarily appeared because Sanchez failed to provide proofs of service either within 120 days of filing her complaint or in the period specified in the district court's order, or to demonstrate good cause for her failure to do so. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed, or within a time period specified by court order); *In re Sheehan*, 253 F.3d at 512 (discussing good cause standard); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (courts have authority to set and enforce deadlines to foster the efficient resolution of cases).

Contrary to Sanchez's contention, the district court did not abuse its discretion by denying Sanchez's third request for an extension of time to file a third amended complaint. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's discretion is particularly broad when it has already granted leave to amend).

Sanchez's motion for judicial notice is denied.

**AFFIRMED.**