**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 6 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSARIO A. FIORANI, Jr., | No. 10-15810 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02373-GMS |
| v. | |
| SETH BERENZWEIG, individually and in his official capacity: Agent (s) for Lowry, EAI and ES, et al; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 15, 2011[**]

Before:  CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Rosario A. Fiorani, Jr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that defendants conspired to

deprive him of his constitutional rights by making false representations about him,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jailing him, and enforcing an injunction against him, among other things, in order to conceal a real estate fraud scheme. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for lack of personal jurisdiction, *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008), and on the basis of judicial immunity, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

The district court properly dismissed the claims against defendants Berenzweig and Smith because Fiorani failed to allege that these defendants had sufficient contacts with Arizona to provide the court with personal jurisdiction over them. *See Boschetto*, 539 F.3d at 1015-16 (setting forth the due process requirement of "minimum contacts" and the three-part test for establishing specific jurisdiction); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) (Arizona's long-arm statute permits the exercise of personal jurisdiction provided that it comports with due process).

The district court properly dismissed the claims against defendant Herndon on the basis of judicial immunity because Fiorani failed to allege facts showing that Herndon took non-judicial actions against him, or that his judicial actions were taken in complete absence of all jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B); *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (explaining that "[a] judge

is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority[,]" and setting forth the two exceptions to judicial immunity).

The district court did not abuse its discretion in dismissing the claims against the remaining defendants for failure to serve them with the summons and complaint in a timely manner because Fiorani failed to show good cause. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511-12 (9th Cir. 2001) (setting forth the standard of review and discussing factors to establish good cause).

However, dismissals for failure to effect service and for lack of personal jurisdiction must be without prejudice. *See* Fed. R. Civ. P. 4(m); *Grigsby v. CMI Corp*., 765 F.2d 1369, 1372 n.5 (9th Cir. 1985). Accordingly, we vacate and remand to the district court for the limited purpose of entering dismissal without prejudice as to the claims dismissed on those bases.

Fiorani's remaining contentions are unpersuasive.

Berenzweig's "Motion to Dismiss," filed as part of his Answering Brief, is denied as moot.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

10-15810