**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MALCOLM L. GRAY,

          Plaintiff - Appellant,

  v.

HOWARD SKOLNIK, Director of
NDOC; et al.,

          Defendants - Appellees.

No. 10-15962

D.C. No. 2:07-cv-01379-PMP-
LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

    Nevada state prisoner Malcolm L. Gray appeals pro se from the district

court's order denying his Fed. R. Civ. P. 60(b) motion for relief from the order

dismissing his 42 U.S.C. § 1983 action for failure to serve defendants with the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summons and complaint. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *see Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010), and we affirm in part, vacate in part, and remand.

The district court granted an extension of time and issued a notice to show cause before dismissing Gray's claims against defendants Holmes, Venneman, Willis, and Ruebart, and Gray failed to show good cause or excusable neglect for his failure to serve them. Thus, the district court did not abuse its discretion in denying the Rule 60(b) motion as to the claims against these defendants. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001) (discussing the good cause standard).

By contrast, as to Gray's claims against the remaining defendants, Gray received a notice to show cause suggesting that those defendants were properly served, and the district court dismissed the claims against those defendants without warning or explanation. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993) (listing four factors relevant to Rule 60(b)(1) motions); *Lemoge v. United States*, 587 F.3d 1188, 1192-95 (9th Cir. 2009) (district court abused its discretion by failing to apply the relevant factors to a Rule 60(b)(1) motion seeking reconsideration of a dismissal for failure to effect timely service).

Accordingly, we vacate the dismissal as to the remaining defendants and remand for further proceedings.

Gray shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, AND REMANDED.**