**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR O. DEMA,  Plaintiff - Appellant,  v.  CITY OF MESA; et al.,  Defendants - Appellees. | No. 11-15481  D.C. No. 2:09-cv-00642-NVW  MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Victor O. Dema appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations in connection with

two investigative stops.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo a dismissal for failure to state a claim, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and summary judgment, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir. 2009). We affirm.

The district court properly dismissed Dema's § 1983 claims against the City of Mesa because Dema failed to allege the existence of any unconstitutional policy or custom. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (municipal liability under § 1983 exists only for constitutional violations occurring pursuant to an official government policy or custom); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

The district court properly granted summary judgment on Dema's racial profiling claims against Officer Ortega because reasonable suspicion supported detaining Dema, and race was not the sole basis for the investigatory stop. *See Ramirez*, 560 F.3d at 1020 (for brief investigatory stops, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion"). The court also properly granted summary judgment on Dema's excessive force claim against Ortega because Dema failed to raise a genuine dispute of material fact as to

whether Ortega used unreasonable force against him. *See Tekle v. United States*, 511 F.3d 839, 844-45 (9th Cir. 2007) (discussing the factors for determining whether the force used was excessive, including the severity of the force applied and whether the subject is posing a threat to the safety of the officer).

The district court did not abuse its discretion in dismissing without prejudice Dema's § 1983 claims against an unnamed Mesa police officer because Dema failed to effect proper service of the summons and complaint. *See* Fed. R. Civ. P. 4(e), (m) (describing proper methods for service of process on an individual and requiring service within 120 days after the complaint is filed); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511-13 (9th Cir. 2001) (explaining good cause standard and the district court's broad discretion to extend the time for service or dismiss without prejudice).

We reject Dema's contentions concerning the district judge's alleged bias and intimidation. We also reject Dema's contentions concerning lack of notice, denial of a jury trial, conspiracy, malicious prosecution, and denial of his motion for reconsideration.

**AFFIRMED.**

11-15481