**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX DEON ROSS, | No. 12-15775 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00984-KJM-CMK |
| v. | |
| A. DAVID; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Alex Deon Ross appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and safety.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Ross's claims against defendant Dewar because Ross failed to exhaust administrative remedies as to these claims. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

Summary judgment was proper on Ross's claims against defendants Drs. Swingle and Roche because Ross failed to raise a genuine dispute of material fact as to whether Swingle and Roche consciously disregarded a serious risk to his health and safety. *See Toguchi*, 391 F.3d at 1057, 1060 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health and safety, and a showing of negligence is insufficient to establish an Eighth Amendment violation).

The district court did not abuse its discretion by dismissing Ross's claims against defendant David because Ross failed to effect proper service of the summons and complaint despite having over two years to do so. *See* Fed. R. Civ.

P. 4(e), (m) (describing proper methods for service of process on an individual and requiring service within 120 days after the complaint is filed); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511-13 (9th Cir. 2001) (explaining good cause standard and the district court's broad discretion to extend the time for service or dismiss without prejudice). We deem the claims to be dismissed without prejudice.

Ross's request for an emergency injunction preventing a transfer, filed on January 7, 2013, is denied.

**AFFIRMED.**