**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ZAIRE TERRY; MARGARET SHAVIES-ALLEN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AAA ARIZONA, named Arizona Automobile Association (AAA) on amended complaint; AAA ARIZONA INCORPORATED, <br><br> Defendants - Appellees. | No. 12-15563 <br><br> D.C. No. 2:10-cv-02212-DGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted June 18, 2013[**]

Before:  TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

David Zaire Terry and Margaret Shavies-Allen appeal from the district

court's judgment dismissing their employment action alleging racial

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discrimination, harassment, and retaliation in violation of federal and state law. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal for failure to serve the summons and complaint in a timely manner, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001), and we affirm.

The district court did not abuse its discretion by dismissing the action because plaintiffs did not serve the summons and complaint on defendants within 15 months of filing suit, even though the court gave extensions and warned that failure to complete service in a timely manner could result in dismissal, and plaintiffs were represented by counsel during the last six months of litigation. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days of filing the complaint); *In re Sheehan*, 253 F.3d at 512-13 (discussing the good cause standard and the district court's broad discretion to extend time for service or dismiss without prejudice). We construe the dismissal as a dismissal without prejudice. *See* Fed. R. Civ. P. 4(m) (dismissal for failure to serve in a timely manner is without prejudice).

Moreover, the district court did not abuse its discretion by striking plaintiffs' second response to defendants' motion to dismiss because the federal and local rules did not permit a second response, and plaintiffs did not seek leave of court to file it. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (setting

forth the standard of review for a district court's decision concerning its management of litigation); *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (noting that "[d]istrict courts have inherent power to control their dockets" and that "judges exercise substantial discretion over what happens *inside* the courtroom" (citations and internal quotation marks omitted)).

Plaintiffs' contention that the district court erred by not sua sponte quashing the motion to dismiss is unpersuasive.

**AFFIRMED.**

12-15563