NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAROLD BRIAN KRIEG,

Plaintiff - Appellant,

v.

RICHARD GREGORY CRAIN,

Defendant - Appellee.

No. 12-17585

D.C. No. 2:12-cv-00115-KJD-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Harold Brian Krieg appeals pro se from the district court's order dismissing

for failure to effect timely service his action challenging an unfavorable Nevada

state court judgment.  We have jurisdiction under 28 U.S.C. § 1291.  We review

for an abuse of discretion, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2001), and we affirm.

The district court did not abuse its discretion by dismissing Krieg's action because Krieg failed to establish good cause for his failure to effect timely service of the summons and complaint on defendant. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed); *In re Sheehan*, 253 F.3d at 512-13 (explaining that courts may dismiss an action without prejudice for defective or untimely service, absent a showing of good cause, and discussing the requirements for a showing of good cause).

Moreover, dismissal of Krieg's action was proper because federal courts lack jurisdiction over de facto appeals from state court judgments. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (setting forth standard of review); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments" from seeking federal review of those judgments).

Krieg's contentions regarding his timely service in the prior state court action; defendant's alleged attempts to dodge service and failure to appear in the prior action; the district court's alleged improper motives for dismissing the underlying action; and the merits of his underlying claims are unpersuasive.

**AFFIRMED.**

12-17585