NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DOUGLAS WILLIAMS, Jr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> COUNTY OF LOS ANGELES; et al., <br><br> Defendants-Appellees. | No. 18-55379 <br><br> D.C. No. 2:17-cv-06130-MWF-KS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

James Douglas Williams, Jr., appeals pro se from the district court's order

dismissing his Title VII employment action for failure to effect timely and proper

service of the summons and complaint under Federal Rule of Civil Procedure 4(m).

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing Williams's action without prejudice because Williams failed to effect proper service of the summons and complaint and otherwise failed to show good cause for his failure to timely serve the summons and complaint. *See* Fed. R. Civ. P. 4(c) (any person who is not a party may serve a summons and complaint); Fed. R. Civ. P. 4(j) (setting forth how to serve a state or local government); Fed. R. Civ. P. 4(m) (requiring court to dismiss action without prejudice if a defendant is not served within 90 days after the complaint is filed absent a showing of good cause); *In re Sheehan*, 253 F.3d at 512 (discussing Rule 4(m)'s "good cause" standard).

Contrary to Williams's contention, his action was not dismissed for failure to file an opposition to the County defendants' motion to dismiss, which he did not receive.

We lack jurisdiction to consider the district court's order denying Williams's motion for reconsideration because Williams failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

**AFFIRMED.**

18-55379