**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD LEE JONES, Jr., | No. 19-15559 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01547-DWL-JZB |
| v. | |
| KOLTEN WOOD, # 8709 PM Sergeant, Shift Supervisor at ASPC Eyman Rynning, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| C. NASH; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted July 14, 2020[**]

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Arizona state prisoner Edward Lee Jones, Jr., appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) (dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Jones's deliberate indifference claim against defendant Wood because Jones failed to raise a genuine dispute of material fact as to whether Wood was deliberately indifferent to Jones's complaint about a piece of food caught in his throat. *See Toguchi*, 391 F.3d at 1057 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health).

The district court properly dismissed Jones's claim against defendant Nash because Jones failed to allege facts sufficient to show that Nash was deliberately indifferent. *See id.* at 1057 (deliberate indifference standard).

The district court did not abuse its discretion by dismissing Jones's claim against defendant Mares because Jones failed to serve the summons and complaint in a timely manner and did not demonstrate good cause or excusable neglect. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001) (standard of review); Fed. R. Civ. P. 4(m) (district court may dismiss an action without

2                                                                                      19-15559

prejudice for failure to serve, after providing notice to the plaintiff and absent a showing of good cause); *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (good cause and excusable neglect standard under Rule 4(m)).

The district court did not abuse its discretion by denying Jones's motions for appointment of counsel because Jones failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

The district court did not abuse its discretion by denying Jones's motions to compel or his request for additional discovery under Federal Rule of Civil Procedure 56(d). *See Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) (setting forth standard of review and explaining that district courts have "broad discretion" to permit or deny discovery); *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017) (to prevail on a Rule 56(d) request, a party must state the specific facts it seeks in further discovery, and that such facts exist and are "essential to oppose summary judgment" (citation and internal quotation marks omitted)).

We do not consider Jones's argument regarding the dismissal of his claim against defendant Hegman in the original complaint because Jones failed to replead this claim in the operative first amended complaint. *See Lacey v. Maricopa*

*County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims are waived on appeal if they are voluntarily dismissed or dismissed with leave to amend but not repled).

**AFFIRMED.**