**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TABATHA BERNADETTE FRERKS; CHARLES F. FRERKS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TODD P. WOLF; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> RURAL MUTUAL INSURANCE COMPANY; et al., <br><br> Defendants. | No. 20-35388 <br><br> D.C. No. 2:19-cv-00978-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tabatha Bernadette Frerks and Charles F. Frerks appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims concerning a Wisconsin foreclosure action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve the summons and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion by dismissing plaintiffs' claims against defendants Wyssbrod and DMW WIS LLC because plaintiffs failed to effect timely and proper service of the summons and complaint on these defendants and did not show good cause for their failure, despite being given notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(m) (district court may dismiss a claim for failure to serve, after providing notice to the plaintiff and absent a showing of good cause for failure to serve); *Sheehan*, 253 F.3d at 512 (discussing Rule 4(m)'s "good cause" standard).

Dismissal of plaintiffs' claims against defendant Wolf was proper because plaintiffs failed to allege facts sufficient to make a prima facie showing that the district court had personal jurisdiction over Wolf. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073-80 (9th Cir. 2011) (setting forth standard

of review and discussing requirements for general and specific personal jurisdiction).

However, dismissals for failure to effect service and for lack of personal jurisdiction should be without prejudice. *See* Fed. R. Civ. P. 4(m); *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n. 5 (9th Cir. 1985). We therefore affirm the district court's judgment, but remand to the district court with instructions to amend the judgment to reflect that it is without prejudice.

In their opening brief, plaintiffs fail to raise, and therefore have waived, any challenge to the district court's dismissal of their claims against the other defendants for lack of personal jurisdiction. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

We reject as unpersuasive plaintiffs' contention that the district court erred by not granting their request to remove the action to the Supreme Court.

**AFFIRMED; REMANDED with instructions to amend the judgment.**