NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIE WILLIAMS, individually; RUSSELL WILLIAMS SR., individually; DANIEL McCLANAHAM, individually; ANTHONY WILLIAMS, individually and as Personal Representative of the Estate of RUSSELL WILLIAMS Deceased, | No. 23-55155 |
| | D.C. No. 2:22-cv-05798-PA-AS |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| COUNTY OF LOS ANGELES, a Governmental Entity; DOE DEFENDANTS, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 16, 2024
Pasadena, California

Before:  COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Appellants Marie Williams, Russell Williams Sr., Anthony Williams, and

Daniel McClanaham filed this action on behalf of their now-deceased family

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

member, Russell Williams Jr. They appeal the dismissal of their claims against several unnamed Doe Defendants for failure to comply with service requirements and failure to prosecute; the dismissal of their *Monell*[1] claims against the County of Los Angeles for maintaining an unconstitutional custom, policy, or practice and failure to train or supervise; and the dismissal of their claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–34, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, for failure to state a claim. We review the dismissal of a complaint for failure to timely serve a summons and complaint for abuse of discretion. *In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001). We review for abuse of discretion a dismissal for failure to prosecute. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We review de novo a district court's dismissal of an action for failure to state a claim. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291.[2] We affirm.

1. If a summons and complaint are not served on a defendant within 90 days

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[2] "Once a district court enters final judgment and a party appeals . . . earlier, non-final orders become reviewable." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012) (citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984)). Because the dismissal of the complaint against the County constituted a final decision, we reject the County's claim that we lack jurisdiction to review the dismissal of the Doe Defendants.

after the complaint is filed, a district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Under Rule 4(m), a district court must extend time for service upon a showing of good cause and may discretionarily extend time for service upon a showing of excusable neglect. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Here, Appellants failed to serve process on the Doe Defendants within 90 days of filing their complaint and, in response to the district court's January 9, 2023, Order to Show Cause ("OSC"), failed to show good cause or excusable neglect for their delay. Appellants' response did not identify any investigative efforts they had engaged in to ascertain the identities of the Doe Defendants. Although Appellants expressed that they hoped to acquire the information necessary to discover the Doe Defendants' identities from the County's initial disclosures or responses to discovery, Appellants' OSC response did not discuss any measures (such as a motion for relief from Rule 26(d)(1)'s discovery stay) that might have allowed the Appellants to obtain this information from the County while its motion to dismiss was pending and it was still a party to the suit. It was not the district court's responsibility to fill in these details.

Because we find that the district court did not abuse its discretion in dismissing the Doe Defendants for Appellants' failure to timely serve them, we need not address whether the district court erred in dismissing the Doe Defendants

3

for Appellants' failure to prosecute.

2. To survive a motion to dismiss a *Monell* claim alleging an unconstitutional policy, Appellants must adequately allege facts that plausibly suggest a policy or custom exists, as opposed to "random acts or isolated events." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443–44 (9th Cir. 1989), *overruled on other grounds by Bull v. City & Cnty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc).

Appellants contend that the close housing arrangements in the dorm for detainees with mental health conditions reflected a policy choice that exhibited objective deliberate indifference to the detainees' serious medical needs, which proximately caused Williams' death. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076–78 (9th Cir. 2016) (en banc). But in contrast to *Polanco v. Diaz*, 76 F.4th 918 (9th Cir. 2023), where prison officials transferred COVID-19-exposed inmates into a prison "where there were no known cases of the virus," *id*. at 923, Appellants' complaint alleges that, by July 2020, thousands of County detainees and hundreds of employees "had already tested positive" for COVID-19. Moreover, unlike in *Polanco*, the complaint contains no allegations that would support a plausible inference that there was an alternative housing arrangement available to the County that would have prevented Williams from being exposed to COVID-19. *See id*. at 927–29.

4

Beyond that, Appellants attempt to support their unconstitutional policy claim by relying on facts specific to how the County handled Williams' case, without showing that these facts were part of a larger practice or tradition. But liability "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."[3] *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

3. To establish liability under a failure to train or supervise theory, a plaintiff must plausibly allege, among other things, that public officials were deliberately indifferent "to the rights of persons with whom the [officials] c[a]me into contact." *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, too, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary.'" *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).

Again, Appellants fail to identify a pattern of constitutional violations and

---

[3] Because Appellants had the opportunity to cure these deficiencies in their first amended complaint and have suggested no basis on appeal for curing them, the district court did not abuse its discretion by dismissing the unconstitutional policy claim without further leave to amend. *See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend [the] complaint.").

base their claim solely upon the failure of correctional officers to respond to Williams' medical issues. As the district court noted, Appellants do not identify "other instances where deputies failed to respond to COVID-19 issues, check inmates for signs of life or obvious signs of distress, or respond to unconscious inmates." Appellants' allegations of isolated incidents in the treatment of Williams do not establish a pattern and thus fail to plausibly allege failure to train or supervise on the part of the County.

4. To prevail on an ADA or RA claim, "plaintiffs must prove a *mens rea* of 'intentional discrimination,'" a standard which "may be met by showing 'deliberate indifference.'" *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008)).

Although Appellants' allegations may be sufficient to establish negligence in the treatment of Williams, the complaint fails to plead sufficient facts to show that any alleged deficiencies in Williams' medical care resulted from deliberate indifference to his disability-based needs. Williams received a number of medical accommodations, including a prescription for his mental health, evaluations and treatment plans, housing in a unit for those with mental health issues, the opportunity to receive a COVID-19 vaccine, and a medical examination for an unrelated issue.

**AFFIRMED.**