**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| R. J. KULICK,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>JAMES MURCHIE; MARLYNN BLOCK;<br>RICHARD LOOMIS; RUTH STUBBA;<br>CHARLES KISKADEN; CHRISTI<br>MOORE; JEFFREY A. BEAUMONT;<br>LISA A. TASHJIAN; TARA RADLEY;<br>BEAUMONT TASHJIAN; DOES, 1-100,<br>Inclusive; LEISURE VILLAGE<br>ASSOCIATION, INC.,<br><br>    Defendants - Appellees. | No. 24-4384<br><br>D.C. No. 2:23-cv-10915-DSF-PVC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 18, 2025**

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

R. J. Kulick appeals pro se from the district court's judgment dismissing his action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to prosecute. *Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion by dismissing Kulick's action without prejudice after Kulick failed to comply with a court order to show cause. The district court warned Kulick that failure to demonstrate proper service of the summons and complaint or good cause for extending the service period would result in dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (discussing factors to be considered before dismissing a case for failure to prosecute; a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512-13 (9th Cir. 2001) (discussing good cause and district court's broad discretion to extend time for service or to dismiss the action without prejudice).

**AFFIRMED.**