NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ERLANSON, SR., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; BUREAU OF LAND MANAGEMENT, <br><br> Defendants - Appellees. | No. 24-6808 <br><br> D.C. No. 4:24-cv-00023-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted February 18, 2026[**]

Before: CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

David Erlanson, Sr., appeals pro se from the district court's judgment dismissing his action alleging federal claims related to water rights. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to serve the summons and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion in dismissing Erlanson's action because Erlanson failed to effect proper service of the summons and complaint despite being given notice, opportunities, and directives to do so, and Erlanson did not establish good cause for his failure to serve. *See* Fed. R. Civ. P. 4(m) (explaining that the district court may dismiss for failure to serve after providing notice and absent a showing of good cause); *see also* Fed. R. Civ. P. 4(i)(1)(A) (requiring service on the United States in part by "(i) deliver[ing] a copy of the summons and of the complaint to the United States Attorney . . . or (ii) send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office").

Contrary to Erlanson's contentions that the district judge lacked jurisdiction to hear the case, a senior district judge is an Article III judge. *See Nguyen v. United States*, 539 U.S. 69, 72 (2003) (noting that a senior judge is a "life-tenured Article III judge[ ]").

**AFFIRMED.**