**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARDO DESANTIAGO, | No. 11-56684 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01882-BTM-WMC |
| v. | |
| OH, MD; L. MARQUEZ, RN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

California state prisoner Edwardo Desantiago appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo summary judgment, *Toguchi v. Chung*, 391 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1051, 1056 (9th Cir. 2004), and for an abuse of discretion a dismissal for failure to complete service in a timely manner, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001) (dismissal under Fed. R. Civ. P. 4(m)). We affirm.

The district court properly granted summary judgment for defendant Marquez because Desantiago failed to raise a genuine dispute of material fact as to whether Marquez acted with deliberate indifference to a serious medical need in her treatment of Desantiago's excess ear wax. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (setting forth test for "deliberate indifference to a serious medical need" under the Eighth Amendment).

To the extent that Desantiago challenges the denial of his motion for appointment of a medical expert for a physical examination, the district court did not abuse its discretion because Desantiago failed to show that appointment of a medical expert was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review and noting that district court has discretion whether to appoint an expert under Fed. R. Evid. 706(a)).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Desantiago's medical negligence claim against defendant Marquez. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7,

(1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (reviewing for an abuse of discretion).

The district court did not abuse its discretion by dismissing Desantiago's claims against defendant Oh for failure to effect timely service under Federal Rule of Civil Procedure 4(m) because Desantiago failed to show good cause as to why he did not provide the U.S. Marshals Service with sufficient information to serve Oh for over one year, despite having been warned of his duty to do so. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days of filing the complaint); *In re Sheehan*, 253 F.3d 512-13 (explaining the good cause standard and the district court's broad discretion to extend time for service or dismiss without prejudice); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (an incarcerated pro se plaintiff proceeding in forma pauperis must provide the marshal with sufficient information necessary for service), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

**AFFIRMED.**