**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO HERRERA, | No. 13-15872 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01280-GEB-DAD |
| v. | |
| BURGETT, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 7, 2014**

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Roberto Herrera appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendant

was deliberately indifferent to his serious medical needs by failing to refill his pain

medication prescription.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for an abuse of discretion a dismissal for failure to comply with a court order, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), and an order denying a request for appointment of counsel, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). We affirm.

The district court did not abuse its discretion in dismissing without prejudice Herrera's action because Herrera failed to comply with the court's order to submit timely service documents or present good cause for his failure to do so. *See Pagtalunan*, 291 F.3d at 642-43 (discussing factors relevant to dismissal for failure to comply with a court order); *see also* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed unless "plaintiff shows good cause for the failure" to serve); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001) (discussing "good cause").

The district court did not abuse its discretion in denying Herrera's motion for appointment of counsel because Herrera failed to demonstrate exceptional circumstances. *See Terrell*, 935 F.2d at 1017 (explaining that counsel may only be appointed in "exceptional circumstances").

**AFFIRMED.**