**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MARTIN HOUSTON, | No. 13-15807 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01974-SRB |
| v. | |
| ARIZONA STATE BOARD OF EDUCATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

James Martin Houston appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from the revocation of his substitute teaching license.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal of an action as barred by the doctrine of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Houston's action as barred by the doctrine of claim preclusion because Houston raised, or could have raised, his claims in his prior federal action that was decided on the merits. *See Stewart*, 297 F.3d at 956 (stating the requirements for application of claim preclusion and noting that claim preclusion bars litigation in a subsequent action of "any claims that were raised or could have been raised in a prior action" (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Houston's claims against defendant Mamaluy because Houston failed to have the summons and complaint served on Mamaluy within 120 days after his complaint was filed, and failed to show good cause for not doing so. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511-13 (9th Cir. 2001) (setting forth standard of review and discussing good cause).

The district court did not abuse its discretion by denying Houston leave to file an amended complaint. *See Cervantes v. Countrywide Home Loans, Inc.*, 656

F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "[a]lthough leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile").

Houston's request for consolidation of his appeals, set forth in his opening brief, is denied. Appellees' request for judicial notice, set forth in their answering brief, is granted.

**AFFIRMED.**