**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASHIE OUMA, | No. 14-35495 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01465-HZ |
| v. | |
| CLACKAMAS COUNTY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted September 27, 2016[**]

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Washie Ouma appeals pro se from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging constitutional violations arising from an arrest

and a subsequent visual body cavity strip search during his pre-arraignment

detention at Washington County jail. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We may affirm on any ground supported by the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The district court properly granted summary judgment on Ouma's claims against defendant Clackamas County arising from his arrest because Ouma failed to raise a genuine dispute of material fact as to whether any constitutional deprivation resulted from an official policy, practice, or custom of Clackamas County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978) (setting forth requirements for a § 1983 claim of municipal liability).

Summary judgment on Ouma's Fourth Amendment claim against defendant Washington County was proper because Ouma failed to raise a genuine dispute of material fact as to whether the search was not reasonably related to a legitimate penological interest of Washington County. *See Bull v. City & County of San Francisco*, 595 F.3d 964, 971-74 (9th Cir. 2010) (en banc) (setting forth factors relevant to reasonableness of pretrial detention search or search policy, including whether a search is reasonably related to legitimate penological interests); *see also Monell*, 436 U.S. at 690-94.

The district court did not abuse its discretion by dismissing the action against defendant Does 1, 2, and 3 because Ouma did not timely identify or serve those defendants. *See In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001) (setting forth

2                                                                                          14-35495

standard of review); *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980) (use of John Doe allowed through the end of discovery).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Nor do we consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We lack jurisdiction to consider the district court's order granting Washington County's bill of costs and the order denying Ouma's motions for reconsideration, including Ouma's arguments regarding the voluntary dismissal of defendant Does 4-9, because Ouma failed to file a separate or amended notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007); *see also* Fed. R. App. P. 4(a)(4)(B)(ii).

Clackamas County's request for damages, costs, and attorney's fees, set forth in its answering brief, is denied.

**AFFIRMED.**

14-35495