FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARRYL BURGHARDT,

Plaintiff-Appellant,

v.

J. FRANZ; et al.,

Defendants-Appellees.

No. 15-15498

D.C. No. 5:12-cv-05190-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Darryl Burghardt appeals pro se from the district court's summary judgment

in his action alleging retaliation and deliberate indifference to his safety.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

summary judgment for failure to exhaust administrative remedies.  *Williams v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We review for an abuse of discretion the district court's dismissal under Federal Rule of Civil Procedure 4(m). *In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment for defendants Franz, Kelley, and Bragger because Burghardt failed to raise a genuine dispute of material fact as to whether he exhausted his administrative remedies before filing his lawsuit or whether administrative remedies were effectively unavailable. *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (PLRA does not require exhaustion when remedies are "effectively unavailable"); *McKinney v. Carey*, 311 F.3d 1198, 1199-201 (9th Cir. 2002) (prison grievance process must be completed before a civil rights action is filed; exhaustion during the pendency of the litigation is insufficient because exhaustion is a precondition to suit). We treat the judgment as a dismissal without prejudice as to these claims. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no *pre[-]suit* exhaustion." (citation and internal quotation marks omitted)).

However, the district court dismissed defendant Graham under Fed. R. Civ. P. 4(m) because the U.S. Marshal could not locate him to effectuate service. The

district court ordered Burghardt to provide the court with Graham's location so that the U.S. Marshal could serve Graham. Burghardt filed a notice containing a new address for Graham, but the district court apparently overlooked this notice. Accordingly, we vacate the judgment in part and remand for further proceedings as to Graham only.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**