**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 10 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERRIE JOHNSON, | No. 16-16364 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02213-JAD-VCF |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Sherrie Johnson appeals pro se from the district court's judgment dismissing

her federal employment action.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion the district court's decision regarding the

sufficiency of service of process.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1007, 1014 (9th Cir. 2002).  We affirm.

The district court did not abuse its discretion by dismissing Johnson's action for insufficient of service of process because, despite being given detailed instructions and multiple extensions of time, Johnson failed to serve defendant with a summons and complaint in a proper manner.  *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m) [and] [t]he plaintiff . . . must furnish the necessary copies to the person who makes service."); *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001) (district court has discretion to dismiss action for failure to effectuate proper service absent a showing of good cause).

We reject as unsupported by the record Johnson's contentions concerning bias by the district court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-16364