**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLINTON LEE SPENCER, | No. 16-16613 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00032-RM |
| v. | |
| K. KLEIN, Nursing Supervisor at Arizona Department of Correction; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted May 24, 2017**

Before:  THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Arizona state prisoner Clinton Lee Spencer appeals pro se from the district court's judgment dismissing for failure to effectuate service of process his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

Spencer failed to challenge the district court's dismissal of his action for failure to effectuate service of process, and has therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

Even if Spencer had not waived this challenge, the district court did not abuse its discretion by dismissing Spencer's action for failure to effectuate service of process because Spencer failed to identify an address at which defendant Transue could be served, despite receiving an extension of time and being warned of the consequences of failing to do so. *See* Fed. R. Civ. P. 4(m) (imposing 90-day time limit to effect service absent showing of good cause); *see also In re Sheehan*, 253 F.3d at 512-13 (discussing good cause standard for extending time for service under Fed. R. Civ. P. 4(m)).

We do not consider Spencer's arguments regarding the merits of his claim against Transue because the district court dismissed the action for failure to effectuate service of process.

We do not consider arguments and allegations raised for the first time on

16-16613

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**