**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WILLIAM F. NORDEEN and CAROL A. NORDEEN, <br><br> Debtors. <br> _____ <br><br> WILLIAM F. NORDEEN; CAROL A. NORDEEN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TAYLOR, BEAN & WHITAKER MORTGAGE CORP.; OCWEN LOAN SERVICING, LLC, <br><br> Defendants-Appellees. | No. 15-15922 <br><br> D.C. No. 2:14-cv-01470-JCM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 13 debtors Carol A. Nordeen and William F. Nordeen appeal pro se from the district court's order affirming the bankruptcy court's orders disposing of the Nordeens' action alleging federal and state law claims related to a mortgage on real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Inv'rs, Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir. 2005*)*. We affirm.

The bankruptcy court properly granted summary judgment on the Nordeens' quiet title claim because the Nordeens failed to show that their mortgage loan had been forgiven or that Ocwen Loan Servicing, LLC claimed an adverse interest in their property. *See id.* (setting forth standard of review); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (setting forth elements of quiet title action under Nevada law).

The bankruptcy court properly dismissed the Nordeens' remaining state law claims because the Nordeens failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992) (setting forth elements of fraudulent misrepresentation claim under Nevada law); *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds*

*by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001) (setting forth elements of fraudulent concealment claim under Nevada law).

The bankruptcy court properly dismissed the Nordeens' Fair Debt Collection Practices Act claim because the Nordeens failed to allege facts sufficient to show that Ocwen Loan Servicing, LLC, made a false, deceptive, or misleading representation to them. *See* 15 U.S.C. § 1692e (prohibiting a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.").

The district court did not abuse its discretion in dismissing the claims against Taylor, Bean & Whitaker because the Nordeens failed to serve the summons and complaint in a proper manner or to show good cause for their failure to do so. *See* Fed. R. Bankr. P. 7004(a)(1) (making Fed. R. Civ. P. 4(m) applicable to bankruptcy cases); *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001) (discussing good cause and district court's broad discretion under Fed. R. Civ. P. 4(m) to extend time for service or to dismiss the action without prejudice).

The bankruptcy court did not abuse its discretion in denying the Nordeens' motions under Fed. R. Civ. P. 59(e) and 60(b) because the Nordeens failed to demonstrate any grounds for such relief. *See* Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable to bankruptcy cases); Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable to bankruptcy cases); *Sch. Dist. No. 1J, Multnomah Cty.,*

3                                                                          15-15922

*Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject as without merit the Nordeens' contention that the bankruptcy court lacked jurisdiction.

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-15922