**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO P. PINA, | No. 16-15645 |
| Plaintiff-Appellant, | D.C. No. 5:10-cv-03784-RMW |
| v. | |
| WARDEN LEWIS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted March 12, 2018**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

California state prisoner Pablo P. Pina appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging a due process

violation and state law tort claims. We have jurisdiction under 28 U.S.C. § 1291.

We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The district court correctly granted summary judgment on Pina's due process claim because Pina failed to raise a genuine dispute of material fact as to whether defendant Diggle deprived him of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (a constitutionally protected liberty interest arises when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Duffy v. Riveland*, 98 F.3d 447, 452 (9th Cir. 1996) (noting *de novo* review standard for a grant of summary judgment).

**2.** The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Pina's state law claim against defendant Lewis. *See Fichman v. Media Ctr.*, 512 F.3d 1157, 1162–63 (9th Cir. 2008) (district court does not abuse its discretion in declining to exercise supplemental jurisdiction over state claims after granting summary judgment on federal claims).

**3.** The district court did not abuse its discretion by dismissing without prejudice Pina's claims as to Officer Boniti and his estate because the district court provided Pina with notice of the dismissal for failure to serve and extended the time for service. *See* Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001) (standard of review).

**4.** The district court did not abuse its discretion by denying Pina's motion to extend discovery because Pina did not identify "specific facts that further

discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (stating the standard of review and necessary requirements for continuing discovery).

**5.** The district court did not abuse its discretion by denying Pina's motion to compel for failing to comply with local rules. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (stating the standard of review and noting that district courts have broad discretion to permit or deny discovery); *see also Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

**6.** The district court did not abuse its discretion by granting defendants' motion to stay discovery because the question of defendants' immunity had not been resolved. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (explaining that until the "threshold immunity question is resolved, discovery should not be allowed"); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stating the standard of review and noting that staying discovery pending a decision on immunity is not an abuse of discretion).

**7.** The district court did not abuse its discretion by denying Pina's motion for appointment of counsel because Pina did not demonstrate exceptional

circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (stating the standard of review and noting that a civil litigant generally has no right to counsel unless "exceptional circumstances" are present).

**8.** We reject as without merit Pina's contentions regarding administrative exhaustion.

**9.** We do not consider any matters that Pina did not specifically and distinctly raise and argue in his opening brief, or arguments and allegations he raises for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**