**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENDA M. JOHNSON, | No.    17-35197 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05727-RJB |
| v. | |
| CITY OF LAKEWOOD; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Brenda M. Johnson appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging constitutional violations arising

out of her arrest in Washington state.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a district court's dismissal for failure to state a claim

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and for an abuse of discretion the district court's dismissal for lack of proper service, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court properly dismissed Johnson's claims against the City of Lakewood because Johnson failed to allege Officer Mills was a Lakewood employee. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by dismissing Johnson's claims against Mills because Johnson failed to effect proper service of the summons and complaint on Mills after being given notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(m) (outlining requirements for proper service, and explaining that a district court may dismiss for failure to serve after providing notice and absent a showing of good cause for failure to serve); *Sheehan*, 253 F.3d at 512 (discussing Rule 4(m)'s "good cause" standard).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

2                                                                                    17-35197

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions are denied.

**AFFIRMED.**