**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUINCY SIMS, | No. 18-15994 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00415-AWI-EPG |
| v. | |
| C. WEGMAN, Community Resource Manager at Kern Valley State Prison; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 27, 2018**

Before:      CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Quincy Sims appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging claims relating to a

religious diet.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion a dismissal for failure to effect timely service of the summons

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion in dismissing without prejudice Sims's claims against defendant Bowman for failure to effect timely service because Sims did not provide the United States Marshals Service with sufficient and accurate information to serve Bowman, despite numerous extensions and opportunities to do so. *See* Fed. R. Civ. P. 4(m) (district court may dismiss a claim for failure to effect timely service after providing notice, and absent a showing of good cause for failure to serve); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (an incarcerated pro se plaintiff proceeding in forma pauperis may rely on U.S. Marshal for service of the summons and complaint, but must provide sufficient information to allow the marshal to serve the defendant), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Contrary to Sims's contention, the parties' consent to proceed before a magistrate judge was not necessary because the district judge entered a final order dismissing the action.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**