NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADFORD PAUL GOODMAN; PETER WESLEY GOODMAN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 82; et al., <br><br> Defendants-Appellees. | No. 18-35145 <br><br> D.C. No. 2:17-cv-00010-TOR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Bradford Paul Goodman and Peter Wesley Goodman appeal pro se from the

district court's judgment dismissing their labor and employment action for failure

to serve the summons and complaint under Federal Rule of Civil Procedure 4(m).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing plaintiffs' action without prejudice because plaintiffs failed to effect timely and proper service of the summons and complaint and did not show good cause for their failure, after being given notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(h) (setting forth how to serve a corporation or association); Fed. R. Civ. P. 4(m) (district court may dismiss an action without prejudice for failure to serve, after providing notice to the plaintiff and absent a showing of good cause); *In re Sheehan*, 253 F.3d at 512 (discussing Rule 4(m)'s "good cause" standard).

The district court did not abuse its discretion by denying plaintiffs' motion for reconsideration because plaintiffs failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Fed. R. Civ. P. 60(b)).

**AFFIRMED.**

18-35145