**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS URENDA-BUSTOS, | No. 19-15765 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02165-JCM-NJK |
| v. | |
| BRIAN WILLIAMS, SR.; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| HOLISWORTH; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 3, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Luis Urenda-Bustos appeals both the adverse summary judgment ruling on his retaliation claim against the Nevada Department of Corrections ("NDOC"), NDOC caseworker Ira Hollingsworth, and Correctional Officer Bryan Wilson and the dismissal of his excessive force claim against Senior Correctional Officer David Foley. Urenda-Bustos maintains that Hollingsworth and Wilson brought retaliatory disciplinary charges against him because he filed an excessive force grievance against Foley. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nothing in the record indicates Hollingsworth's involvement in filing the disciplinary charge. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (requiring "[a]n assertion that a state actor took some adverse action against an inmate" to prove First Amendment retaliation). The evidence instead suggests Foley alone filed it. Nor can Hollingsworth's failure to report Foley's abusive behavior as required by NDOC regulations—an omission that preceded both Urenda-Bustos's grievance and Foley's disciplinary charge—reasonably be said to implicate Hollingsworth.

Qualified immunity bars Urenda-Bustos's retaliation claim against Wilson. Wilson did not violate a "clearly established" legal right merely by serving as the disciplinary hearing officer. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in

2

the situation he confronted."). And we find no authority for Urenda-Bustos's suggestion that a disciplinary hearing officer must be licensed in the practice of law before invoking qualified immunity.

Finally, the district court did not abuse its discretion in dismissing Foley for lack of personal service. *See In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001). Urenda-Bustos had ninety days from the filing of his complaint to serve Foley. *See* Fed. R. Civ. P. 4(m). The court alerted Urenda-Bustos to this deadline and explained that he could serve Foley from prison by filing a motion requesting service, after which the court would direct the United States Marshals Service to serve Foley at his last known address, which had already been filed under seal with the court. But he never did. The court did not err, then, in rejecting his pro se status, incarceration, or inability to personally learn Foley's address as good cause to extend the service deadline. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

**AFFIRMED.**