**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH W. REED,

        Plaintiff-Appellant,

  v.

CORIZON, LLC, entity under contract to
the State of Arizona; et al.,

        Defendants-Appellees,

 and

B. JOHNSTON; UNKNOWN PARTY,
named as Pat Doe (fictitiously named), an
administrator for Corizon LLC at ASPC
Tucson,

        Defendants.

Nos. 18-17123
     20-15571

D.C. No. 4:15-cv-00470-RCC

Appeals from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

---

[**]    The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In these consolidated appeals, Arizona state prisoner Kenneth W. Reed appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal under its local rules. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). We may affirm on any basis supported by the record. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). We affirm.

Although the district court erred by granting summary judgment for defendants Corizon and Ryan based solely on Reed's failure to file a timely opposition to these defendants' motion for summary judgment as required by Local Rule 7.2(i), *see Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995), summary judgment for Ryan and Corizon was nonetheless proper, *see Henry*, 983 F.3d at 950 (an unopposed motion for summary judgment may be granted if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine dispute of material fact); *see also Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health).

The district court did not abuse its discretion by dismissing Reed's claims against defendants Johnston and Goodman because Reed failed to effect proper service of the summons and amended complaint after being given notice and an

opportunity to do so. *See* Fed. R. Civ. P. 4(m) (outlining requirements for proper service and explaining that a district court may sua sponte dismiss an action for failure to serve after providing notice to the plaintiff); Ariz. R. Civ. P. 4.1-4.2 (outlining requirements for proper service); *In re Sheehan*, 253 F.3d 507, 511-12 (9th Cir. 2011) (setting forth standard of review and discussing Rule 4(m)'s good cause notice standard).

The district court did not abuse its discretion by denying Reed's motion for reconsideration because Reed failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59(e)).

The district court did not abuse its discretion by denying Reed's second motion for reconsideration because Reed had already filed a notice of appeal. *See* Fed. R. Civ. P. 62.1.

Reed's motion for correction of the record on appeal (Docket Entry No. 67 in Appeal No. 18-17123; Docket Entry No. 38 in Appeal No. 20-15571) is denied.

**AFFIRMED.**