NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS WILLIAM FOSTER, | No. 21-35606 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05041-RJB |
| v. | |
| CHRISTINE WORMUTH, Department of the Army, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Thomas William Foster appeals pro se from the district court's judgment

dismissing his Title VII employment action alleging discrimination and retaliation.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion a dismissal for failure to serve the summons and complaint under

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan* (*In re Sheehan*), 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing Foster's action because Foster failed to effect proper service of the summons and complaint after being given notice and opportunities and directives to do so. *See* Fed. R. Civ. P. 4(m) (outlining requirements for proper service and explaining that a district court may dismiss for failure to serve after providing notice and absent a showing of good cause for failure to serve); *In re Sheehan*, 253 F.3d at 512-13 (discussing good cause and district court's broad discretion to dismiss an action).

The district court did not abuse its discretion by denying Foster's motion for reconsideration because Foster set forth no valid grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59 and 60).

**AFFIRMED.**