NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STERLING JAY SHAW, | No. 23-35417 |
| Plaintiff-Appellant, | D.C. No. 3:23-cv-05136-JLR |
| v. | |
| JAY INSLEE, Governor; JENNIFER STRUS, Legislative Ethics Board, Washington State, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 29, 2024[**]

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Sterling Jay Shaw appeals pro se from the district court's order dismissing

for failure to comply with Federal Rule of Civil Procedure 4 his action challenging

COVID-19 vaccination policies.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion. *Omaya v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion in dismissing Shaw's action because Shaw failed to effect proper service on defendants after being given notice, opportunities, and directives to do so, and Shaw did not establish good cause for his failure to serve. *See* Fed. R. Civ. P. 4(a)-(c) (setting forth requirements for service of process, including that the summons must be signed by the clerk and bear the court's seal); Fed. R. Civ. P. 4(m) (requiring dismissal of actions where "defendant is not served within 90 days after the complaint is filed" and plaintiff fails to show "good cause for the failure"); *Sheehan*, 253 F.3d at 512 (describing factors to establish good cause).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**